Thomas P. Lerned & another *vs.* William H. Johns.

If a contract is signed " B., by C.", parol evidence is admissible to show that B. was only an agent of A., and thus to charge A. as principal, although there is no intimation in the contract that B. was such agent.

Contract brought to recover damages for the failure to deliver a quantity of coal, sold by the defendant to the plaintiffs. One ground of defence was, that the contract was not binding because not executed in conformity to the statute of frauds.

At the trial in the superior court, before *Morton*, J., the plaintiffs introduced evidence tending to show that on the 4th of

April 1863, J. W. Gregg, as agent of Wannemacher & Max-field, and for and in behalf of the defendant, made a parol contract to sell to the plaintiffs from two hundred and fifty to three hundred tons of lump "Johns coal" at five dollars per ton, according to the terms of the written memorandum hereinafter referred to ; and also the same quantity of broken "Johns coal," on the same terms ; and that papers were accordingly executed for the sale precisely similar in form, in all material respects, to those in the preceding case, with the exceptions mentioned in the opinion, and signed, on the one part, by the plaintiffs, and, on the other, by " Wannemacher & Maxfield, by J. W. Gregg." All of the above papers were put in evidence by the plaintiffs, those signed by them being produced by the defendant on notice. Wannemacher & Maxfield and the defendant subsequently refused to deliver the coal to the plaintiffs.

Upon the introduction of this evidence, the judge ruled that the action could not be maintained ; and a verdict was accordingly taken for the defendant. The plaintiffs alleged exceptions.

*G. A. Somerby,* for the plaintiffs.

*C. A. Welch,* for the defendant, cited *Fenly* v. *Stewart,* 5 Sandf. 101 ; *Nichols* v. *Johnson,* 10 Conn. 192 ; *Sherburne* v. *Shaw,* 1 N. H. 157 ; *Eastern Railroad* v. *Benedict,* 5 Gray, 561 ; *Bank of North America* v. *Hooper,* Ib. 567.

HOAR, J. The question whether there was a sufficient memorandum in writing of the bargain to answer the requirements of the statute of frauds, is settled by the decision in the preceding case. The objections taken are the same, except that in this case the two parts of the contract are precisely alike ; the ambiguous phrase, " We will send our own vessels " does not occur ; and nothing was added to one part, after the papers were exchanged.

But another point is taken by the defendant : that the signature " Wannemacher & Maxfield, per J. W. Gregg," is not a sufficient signature to the memorandum to bind him, although it were proved by parol that Wannemacher & Maxfield were his agents, duly authorized to make the contract or

his behalf, and that they actually made it for him through Gregg. There can of course be no controversy that the name of Wannemacher & Maxfield is sufficiently signed; but it is contended that it is not competent to show by parol that a party whose name is signed as a principal is only the agent of a third person, when there is no intimation in the memorandum that he acted as agent. The doctrine is well settled in England that, when a written contract not under seal is made by or with an agent, the principal, although undisclosed, may sue or be sued upon it, except in the case of commercial paper. *Kenworthy* v. *Schofield*, 2 B. & C. 945. It is fully and strongly stated in *Higgins* v. *Senior*, 8 M. & W. 834, and is affirmed in many other cases cited by Mr. Justice Dewey in *Eastern Railroad* v. *Benedict*, 5 Gray, 561; and it is adopted by the most approved writers on the law of agency. To what extent it is the law of this commonwealth it was not necessary fully to determine in the case last cited; though it is there said to be well settled that the rule applies to cases of sales by written bills, or other memoranda made by the agent, using his own name, and disclosing no principal.

There are certainly *dicta* to the contrary in *Stackpole* v. *Arnold*, 11 Mass. 27. And in *Shaw* v. *Finney*, 13 Met. 453, where the question was on the sufficiency of the signature to a memorandum to bind the defendant under the statute of frauds, and the sale was stated in the memorandum as made by one Hathaway, who was proved to have been the plaintiff's agent, Mr. Justice Wilde observed that " if the defendant had himself signed the first memorandum, he would not have been liable in this action by the plaintiffs; for the contract was in terms a contract with Hathaway."

But in most of our own recent cases the English rule has been fully sustained; and we find no adjudged case to the contrary. In *Huntington* v. *Knox*, 7 Cush. 371, the case of *Higgins* v. *Senior* is cited with entire approbation by Chief Justice Shaw; and the doctrine held to be equally applicable to agreements which are, or are not, required to be in writing by the statute of frauds. And in *Williams* v. *Bacon*, 2 Gray, 387, the

precise question now under consideration seems to have been decided, and the case is a direct authority in point. See also the statement of Mr. Justice Metcalf, in *Fuller* v. *Hooper*, 3 Gray, 341; and *Dykers* v. *Townsend*, 24 N. Y. 57.

*Exceptions sustained.*