## WILLIAM E. THORNTON *vs.* JOHN KELLY.

Memorandum of contract as follows: "I hereby agree to sell J. K. the house and lot situated on L. Street, second lot east of C. Street, on north side of L. Street, for the sum of ($7,000) seven thousand dollars, and agree to give a satisfactory deed on or before the first day of September next, and hereby acknowledge the receipt of ten dollars on account of above sale.

" Signed $\left\{ \begin{array}{l} \text{W. E. T.} \\ \text{J. K.''} \end{array} \right.$

In an action by W. E. T. against J. K.: —
*Held,* that the memorandum was sufficient to bind J. K.

ASSUMPSIT heard by the court, jury trial being waived. The facts are stated in the opinion of the court.

*George H. Browne,* for the plaintiff, claimed that the contract is sufficient to bind the defendant, because the note or memorandum declared on and produced in evidence is in writing, is signed by the party sought to be charged, and shows the terms of the contract. That the defendant understood them, and meant to be bound by them, is evidenced by his signing. *Blakesly* v. *Smith,* 11 Sim. 150 ; *Johnson* v. *Dodgson,* 2 M. & W. 653 ; *Sanderson* v. *Jackson,* 2 Bos. & Pul. 238 ; *Schneider* v. *Norris,* 2 M. & S. 286 ; *Hawkins* v. *Chace,* 19 Pick. 502 ; *Penniman* v. *Hartshorn,* 13 Mass. 87.

*C. S. & C. Bradley,* for the defendant, contended that the memorandum sets forth a contract by the plaintiff only. The defendant does not in terms make any contract on his part. His signature may import merely the receipt of the offer. At all events his name does not describe a contract binding on him. The statement of a contract by the other party is not a statement of a contract by him. The statute requires the terms of

the contract binding upon the party to be charged to be in writing as well as his signature. Browne on the Statute of Frauds, 3d ed. § 374, and cases cited; *Osborne* v. *Phelps*, 19 Conn. 73; *Nichols* v. *Johnson*, 10 Conn. 198; *Champion* v. *Plummer*, 1 Bos. & Pul. 252.

The cases which allow the non-signing party to sue do not make him liable as defendant.

*March* 3, 1877. DURFEE, C. J. This is an action of assumpsit, tried to the court, jury trial being waived. It was brought to recover damages of the defendant for refusing to take and pay for a house and lot of land which the plaintiff alleged he agreed to purchase of him. The written memorandum of agreement was as follows: —

" I hereby agree to sell to John Kelly the house and lot situate on Lockwood Street, second lot east of Clay Street, on north side of Lockwood, for the sum of ($7,000) seven thousand dollars, and agree to give a satisfactory deed on or before the first day of September next, and hereby acknowledge the receipt of ten dollars on account of above sale.

" Witness:                          WM. E. THORNTON.
" JAS. F. DONNELLY.               JOHN KELLY.
"PROVIDENCE, *August* 7, 1872."

After the refusal of the defendant to take and pay for the land, the plaintiff sold it at public auction for $6,000, having notified the defendant of the sale. The plaintiff claims to recover in this action the difference between the stipulated price and the auction price, less the ten dollars paid on account, with interest and the expenses of the sale, by way of damages. The defendant made no contest upon the facts, but contended that the action could not be sustained under the statute of frauds, Gen. Stat. R. I. cap. 193, § 8, the written memorandum being insufficient to charge him.

We think the action lies. The memorandum gives the terms of a complete contract. It identifies the land to be sold; the price to be paid for it; the party who sells it; and the party to pay for and receive it. It is said it imports merely an offer, not an agreement. The language is, " I *agree* to sell." The word " agree " is sometimes used to signify an offer merely; but, prop-

erly speaking, it imports concurrence or assent. It clearly imports concurrence here ; for the memorandum goes on to acknowledge the receipt of ten dollars " on account of above *sale.* There can be no sale on the one side unless there is also a purchase on the other. The word " sale " necessarily imports concurrence or agreement. It shows, then, that the contract between these parties was complete, and that it only remained to carry it into effect.

The memorandum is, however, peculiar, and deserves to be further considered. It is signed by both the plaintiff and the defendant. Its language is, " I agree to sell," without naming the vendor.

Who, then, is the vendor ? Clearly not the defendant, for the defendant is named as the vendee. The plaintiff is the vendor. The memorandum admits of no other reasonable construction. Another peculiarity is, that the memorandum does not show in express terms any promise or agreement to purchase or pay for the land by the defendant. It is contended, because this is so, that the defendant cannot be charged. If the statute of frauds required a complete written contract, the objection might, perhaps, be fatal. But the statute does not require a complete contract. It requires only that the promise or agreement, " or some note or memorandum thereof," shall be in writing. We do not think there can be a doubt that the memorandum here would have been sufficient to charge the plaintiff in favor of the defendant, if the plaintiff had refused to fulfil the contract on his part. Why, then, is it not sufficient to charge the defendant in favor of the plaintiff ? The answer given is, that it does not show any promise in writing by the defendant. But it shows that there was a valid agreement between the plaintiff and the defendant, and what the agreement was ; and such a memorandum, signed by the party to be charged, is all that the statute requires. If the defendant had prefixed to his signature the words " agreed to," or " assented to," no one would question his liability. But that he did agree or assent is proved by the fact that he paid ten dollars on account, which, by signing the memorandum, he impliedly admits. To require more would be to give the statute an unnecessarily strict and technical construction. And see *Atwood* v. *Cobb,* 16 Pick. 227 ; *Johnson* v. *Dodgson,* 2 M. & W.

653 ; *Sarl* v. *Bourdillon*, 1 C. B. N. S. 188 ; *Salmon Falls Manuf. Co.* v. *Goddard*, 14 How. U. S. 446 ; *Barry* v. *Coombe*, 1 Pet. 640 ; *McConnell* v. *Brillhart*, 17 Ill. 354.

*We give the plaintiff judgment for $1,486.20 and costs.*