LOYAL E. WHEELER, PLAINTIFF IN ERROR, v. MARTHA A. WALDEN, DEFENDANT IN ERROR.

1.  **Principal and Agent:** SALE BY AGENT: SEAL. The strict rule of the common law in regard to contracts under seal made by an agent for the sale or leasing of real estate, is not in force in this state—private seals being abolished. It is sufficient, if from the terms of the instrument itself, or any other matter therein, it appears that the parties intended it as the agreement of the principal and his name appear therein, however informally it may be signed by the agent.

2.  **Landlord and Tenant.** A surrender of a lease by operation of law may be effected by any agreement between the parties. that the term shall be terminated, which is unequivocally acted upon by both.

ERROR to the district court for Gage county. Tried below before DAVIDSON, J.

*J. E. Bush*, for plaintiff in error, cited: *Mears v. Morrison*, Breese, 174. *Kersted v. Railroad*, 69 N. Y., 345. *Taft v. Brunter*, 9 Johns., 334. *Stone v. Wood*, 7 Cow., 451. 1 Wash. Real Prop., chap. 10, § 2. *Gartrell v. Stafford*, 12 Neb., 545. *Holland v. Hoyt*, 14 Mich., 238. *Kittle v. St. John*, 7 Neb., 73. *Allen v. Saunders*, 6 Neb., 443.

*L. M. Pemberton*, for defendant, cited: *Nutt v. Humphrey* (Kan.), 3 Pacific Rep., 787. *Butler v. Kaulbach*, 8 Kan., 668. *Walsh v. Barton*, 24 Ohio State, 28. Benj. Sales, § 219, 3d Amer. Ed. *Schuyler v. Leggitt*, 2 Cow., 660. *Koplitz v. Gustavus*, 48 Wis., 48. Wade on Notice, § 586.

MAXWELL, J.

This is an action to recover rent for certain premises alleged to have been leased by the defendant in error to

the plaintiff. The alleged lease is in writing, and is signed by D. A. Walden, agent, and the plaintiff.* The defendant below (plaintiff in error) filed an answer to the petition wherein "he admits that on or about the 20th day of March, 1880, he leased the premises mentioned in the plaintiff's petition *for the time and for the rental therein mentioned.*" Defendant admits that he took possession of said premises on or about March 20th, 1880, and that he abandoned the possession thereof on or about the 25th of March, 1881, and surrendered the premises to her and paid the rent in full. It is also alleged that no written lease was executed, the only one being by parol. On the trial of the cause in the court below the written lease was held to be valid, and the defendant in error recovered judgment.

---

* This agreement by and between M. A. Walden, of Beatrice, Gage county, Nebraska, of the first part, and L. E. Wheeler, of same place, of second part, witnesseth:

That for and in consideration of the rents and covenants hereinafter made and reserved, said first party leases to second party for the term of three years, the following described premises and real estate in said county, viz.: the north-west quarter of the north-east quarter of section thirty-three (33), town four (4), range six (6) east, for the annual rent of three hundred dollars, to be paid quarterly; that is $75 at the end of each three months during the term aforesaid. Said party is not to cut any standing timber, large or small, without first party's consent. Second party is not by himself, nor by animals, to injure any of the fruit trees growing on said premises in the orchard.

The second party agrees to pay the said sum of $300 per annum for three years for the use and occupation of said premises, and that he will not cut any timber, large or small, on said premises without first party's consent. That he will not injure nor allow his animals to injure any of the trees in the orchard on said premises, and is to allow first party to put in the pasture on said premises, and keep summers and pasturing seasons a horse and cow free of charge. First party agrees to build a house on said premises 18x26 feet, one story and a half high, and a barn 18x24 feet, and bore a well, all to be done by the middle of March, A.D. 1880.

The term of this lease is to commence as soon as first party gets said house completed, so that second party can move into the same. It is further agreed by the parties hereto, that if second party fails to pay his rent as herein provided, or fails to keep and perform the covenants herein written for him to keep and perform at the times and in the manner herein provided, then and in that event, first party may declare this lease terminated, and may re-enter said premises without notice, and may remove second party therefrom without notice, on such failure.

Three questions are presented, which will be considered in their order.

*First.* Whether or not the lease in question is valid. The authority of the agent is not denied, in fact is admitted by alleging a surrender to him as a duly authorized agent. But it is said the lease is signed by the agent in his own name, and therefore is void by the statute of frauds. In regard to signing to take the case out of the statute, it is now well settled that the instrument to bind the principal need not be executed in his name as his act. It is sufficient if it appear that the party signing acts as agent in so doing, and with the intent to bind the third party as his principal. Browne on Statute of Frauds, § 364. *Kenworthy v. Schofield,* 2 Barn. & C., 945. *Williams v. Bacon,* 2 Gray, 387. *McWilliams v. Lawless,* 15 Neb., 132. *Dykers v. Townsend,* 24 N. Y., 57. *Salmon Co. v. Goddard,* 14 How., 447. *McConnell v. Bullock,* 17 Ill., 354. *Johnson v. Dodge,* Id., 433. *Morrill v. Clason,* 12 Johns., 102. There are many decisions rendered by courts having few equity powers upon sealed instruments, which have no application in this state where private seals are abolished, and the same tribunal administers law and equity. The strict rule, therefore, in respect to contracts under seal made by an agent, does not apply. It is sufficient, if from the terms of the instrument itself, or any other matter therein, it appear that the parties intended it as the agreement of the principal, and his name appear therein, however informally signed by the agent. *Randall v. Van Vechten,* 19 Johns., 60. *Dubois v. Delaware, etc., Canal Co.,* 4 Wend., 285. *Jackson v. Brown,* 5 Id., 590. *Barker v. Mich. Ins. Co.,* 3 Id., 94. *Fox v. Drake,* 8 Cowen, 191. *Stone v. Wood,* 7 Id., 453. *Perkins v. Wash. Ins. Co.,* 4 Id., 645. *Townsend v. Corning,* 23 Wend., 435. The lease in this case, while signed by Walden as agent, purports to be the lease of Mrs. Walden, and is sufficient to take the case out of the statute of

frauds. In *Morgan v. Bergen*, 3 Neb., 209, the contract was that of the alleged agent alone, and there was nothing tending to establish his agency.

*Second.* The defendant offered the deposition of one John Wood, wherein he testifies that in March, 1881, he heard a conversation between D. A. Walden and Wheeler in reference to leasing the house that Wheeler was then living in. Wheeler said he wanted to make it satisfactory and not have any trouble about it. "Dr. Walden said that would be all right and that he would cancel the lease." This was excluded. In excluding the deposition, we think the court erred.

A surrender by statute in England must be in writing, unless the tenancy is one that can be created without writing. Nor will an agreement to surrender for a particular purpose operate as a surrender if the purpose is not effected. *Berkley v. York*, 6 East, 89. *Comtail v. Thomas*, 4 M. & R., 218. *Ragor v. Wilson*, 6 Hill, 469.

In the case last cited the surrender was that of a deed, and it was held that it did not operate to revest the grantor with the title. A surrender by operation of law, however, may be affected by any agreement between the parties that the term shall be terminated, which is unequivocally acted upon by both. *Whitehead v. Clifford*, 5 Taunt., 518. *Phene v. Popplewell*, 12 C. B., 334. *Hall v. Burgus*, 5 B. & C., 333. *Bedford v. Terhune*, 30 N. Y., 453. *Witman v. Watry*, 31 Wis., 638. *Schieffelin v. Carpenter*, 15 Wend., 400. *Clemens v. Broomfield*, 19 Mo., 118. The court therefore erred in excluding the deposition, as the evidence of Wood tended to prove a surrender by operation of law.

*Third.* The court also erred in directing a verdict for the plaintiff.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

The other judges concur.