## THOMAS MCGOVERN *vs.* DENNIS J. HERN.

Suffolk.   January 23, 1891. — February 26, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Sale of Real Estate — Statute of Frauds — Memorandum — Party Plaintiff — Practice.*

A memorandum of the sale by auction of real estate, signed by the purchaser, which refers to the "seller," but neither names nor describes him, and shows that the auctioneers named therein acted only in that capacity, is not sufficient to satisfy the statute of frauds (Pub. Sts. c. 78, § 1, cl. 4).

If real estate at the time of its sale by auction is owned by the former owner's devisees, or by their grantees, and within the time allowed the purchaser for taking a conveyance title thereto is conveyed, for convenience in conveying it, to a third person having no interest therein, such person cannot maintain an action in his own name against the purchaser to enforce the contract.

CONTRACT for breach of an agreement to purchase certain real estate in Boston. Answer, the statute of frauds. Trial in the Superior Court, without a jury, before *Bishop*, J., who allowed a bill of exceptions, in substance as follows.

The following facts appeared in evidence. At the sale by auction of the real estate in question, the property was knocked down to the defendant as the highest bidder, and he subsequently signed a memorandum of the sale. A deed conveying a good title was duly tendered to the defendant, who refused to receive it or to pay the price called for by the memorandum. This memorandum was prepared upon a blank form, at the top and middle of which were printed the words, in bold type, " Sale on the Premises," and in the upper left hand corner the following: " By Sullivan Bros., Auctioneers, No. 9 School Street." Then followed an advertisement of the sale, clipped from a newspaper and pasted upon the paper, to the effect that the property, the location and character of which were described, was to be sold " to settle the estate of John Higgins, deceased," but contained the name of no other person. The paper proceeded as follows, the printed portions being in Roman letters and the written in Italics.

" Boston, Oct. 18, 1888. Terms and conditions of sale. *Cash on delivery of the deed.* Conveyance to be made in *ten* days from date, at the office of Sullivan Bros., No. 9 School Street, by a good and sufficient deed, *or the sellers may take thirty (30) days if necessary in order to give title.* Taxes *for 1888 to be paid by the purchaser, $500* to be paid into our hands, to bind the sale, and form part of the purchase money in settlement for the estate ; but will be forfeited to the seller if the purchaser fails to comply with the terms of sale. Forfeiture of the deposit money will not release the purchaser from his obligations to take the property ; *but if the title to the estate shall not be good, this agreement shall be void.*

" Boston, *Oct. 18,* 1888. I am the purchaser of the estate described in the printed advertisement hereto affixed, for the sum of *twenty thousand six hundred and fifty ($20,650)* dollars, and hereby assent to the terms of sale, and agree to abide by the same."

The real estate was owned at the time of the sale by certain

devisees under the will of John Higgins, and by grantees of some of such devisees. The plaintiff was neither such a devisee or grantee, nor an heir of Higgins or a legal representative of his estate, but, as a matter of convenience in conveying the same, title to the estate was conveyed to him before the tender of the deed.

The judge ruled that, as the plaintiff was neither named nor designated in the memorandum as the seller, the memorandum was insufficient within the statute of frauds, and found for the defendant; and the plaintiff alleged exceptions.

*C. F. Donnelly*, for the plaintiff.

*D. E. Ware*, for the defendant.

C. ALLEN, J. The memorandum of the sale is insufficient to satisfy the statute of frauds. It is essential that it should show who are the vendors. It is true that they need not be named. It is enough if they are described, and in that case parol evidence is admissible to apply the description and to identify the persons meant. *Jones* v. *Dow*, 142 Mass. 130, 140. *Catling* v. *King*, 5 Ch. D. 660. *Rossiter* v. *Miller*, 3 App. Cas. 1124, 1141; *S. C.* 5 Ch. D. 648. Merely to refer to the persons selling as the vendors is no description. *Catling* v. *King*, 5 Ch. D. 660, 665, per Mellish, L. J. In *Gowen* v. *Klous*, 101 Mass. 449, the sellers were described as "Eveline Gowan, guardian, and the heirs of Thomas Gowan"; and it was held that one of the heirs, who owned the lot in question, might maintain the action. The court said, "It is no objection to the sufficiency of the memorandum, that the seller therein named is but an agent of the real owner; and on proof of the agency the latter may sue or be sued on the contract made by his agent in his behalf." The trouble with the memorandum in the case before us is, that the seller is neither named nor described. Sullivan Brothers were indicated in one corner of the paper as the auctioneers, and it cannot fairly be considered that they were anything else. Their function as auctioneers was recognized in the memorandum as something distinct from that of parties contracting for unmentioned principals. *Grafton* v. *Cummings*, 99 U S. 100, 107, 108.

There is another objection which is fatal to the action in the present form, though it might perhaps be cured by an amendment, substituting the proper plaintiffs for the present plaintiff.

At the time of the sale, it appears that the estate was owned by devisees of John Higgins, and by grantees of certain of the devisees. The plaintiff was not at that time interested in the estate, but acquired it afterwards for the purpose of conveying it. If anybody had contracted as vendor, then it would be sufficient if such person was able to give a good title at the time specified. *Dresel* v. *Jordan,* 104 Mass. 407. In that case it was held that the person who contracted to sell, and who was described in the memorandum, might maintain an action. But such a contract is not negotiable, and it could not be said that the purchaser is liable to a suit in the name of a person who subsequently acquires the title of those who were the owners at the time of the sale. *Grafton* v. *Cummings,* 99 U. S. 100.

*Exceptions overruled.*