# SUPREME COURT,
## STATE OF KANSAS.

## JANUARY TERM, 1907.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ADRIAN L. GREENE,
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH, } Justices.
Hon. SILAS W. PORTER,
Hon. CHARLES B. GRAVES,

---

### Sherman Mertz v. J. M. Hubbard.
#### No. 14,376 (88 Pac. 529.)
#### SYLLABUS BY THE COURT.

Statute of Frauds—*Contract to Sell Land—Undisclosed Principal—Specific Performance.* Under a statute requiring contracts for the sale of lands to be evidenced by writing, where a written agreement for such a sale shows that one of the two persons by whom it is made incurs no individual liability, but acts merely as the agent of some one else who is not named or described, specific performance thereof cannot be compelled at the suit of the principal if his relation to the transaction can only be proved by parol evidence.

Error from Wabaunsee district court; ROBERT C. HEIZER, judge. Opinion filed January 5, 1907. Affirmed.

*B. H. Tracy,* and *Godding & Keyser,* for plaintiff in error.

*Wheeler & Switzer,* for defendant in error.

1—75 KAN.

The opinion of the court was delivered by

MASON, J.: A real-estate broker wrote to the owner of a tract of land saying that he had a customer for it and asking its price. Correspondence followed which for present purposes may be said to have resulted in a contract in writing for the sale of the land, valid in every respect unless it was rendered non-enforceable under the statute of frauds by this fact: while it showed that the agent was acting for another and was not himself bound, it nowhere disclosed the identity of his principal. The owner refused to convey, and the would-be purchaser in whose behalf the negotiations had been conducted brought a suit to compel him to do so. The petition set out the correspondence in full and thereby invited the question whether the requirements of the statute had been met, which the defendant raised by demurring. The demurrer was sustained, and the plaintiff prosecutes error.

As indicated, the inquiry to be determined is this: Where a written agreement for the sale of lands shows that one of the two persons by whom it is made incurs no individual liability, but acts merely as the agent of some one who is not named or described, can specific performance thereof be compelled at the suit of the undisclosed principal, whose relation to the transaction can be proved only by parol evidence, where the statute of frauds requires such contracts to be in writing?

It is settled law that a memorandum in order to meet the requirements of the statute of frauds shall give the names of the contracting parties or some description by which they can be identified. (29 A. & E. Encycl. of L. 864.) Several courts have held that this rule is not satisfied by the memorandum's naming an agent who acts for one of the parties throughout the transaction but who is not personally bound. The leading case to this effect is *Grafton v. Cummings*, 99 U. S. 100, 25 L. Ed. 366, which has been followed in *Oglesby Co. v. Williams Co.*, 112 Ga. 359, 37 S. E. 372, *Clampet*

*v. Bells,* 39 Minn. 272, 39 N. W. 495, *Mentz v. New-witter,* 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97, 19 Am. St. Rep. 514, *Breckinridge v. Crocker,* 78 Cal. 529, 21 Pac. 179.     To the same effect are *Schenck v. The Spring Lake Beach Improvement Co.,* 47 N. J. Eq. 44, 19 Atl. 881, *O'Sullivan v. Overton,* 56 Conn. 102, 14 Atl. 400, *Knox v. King,* 36 Ala. 367, *Sherburne et al. v. Shaw,* 1 N. H. 157, 8 Am. Dec. 47, and *Wheeler v. Walden,* 17 Neb. 122, 22 N. W. 346.

The plaintiff in error concedes that these cases are against his contention, but maintains that another line of decisions declare the contrary doctrine, and that this court is practically committed to it. He chiefly relies upon *Walsh v. Barton et al.,* 24 Ohio St. 28, which is directly in point and goes to the full length claimed, its precise scope being indicated by this extract from the opinion:

"This writing, by fair construction, shows that the auctioneers therein named acted, in and about the making of the sale, as the agents of the vendors.  .  .  . The only question, therefore, is whether it be necessary, in order to satisfy the statute of frauds, that the names of the principals should appear in the memorandum, in a case where the contract was, in fact, made by their agents, and the names of the agents are set out in the writing. We think the statute is satisfied in this respect when the names of the agents are set out in the writing, though the names of their principals be not disclosed. The case being thus taken out of the statute, the right or liability of the principals may be enforced, and their identity established, according to the rules of law governing in other cases, where contracts are made by agents without disclosing their principals. *White v. Proctor,* 4 Taunt. 209; *Hood v. Lord Barrington,* 6 L. R. Eq. 218; *Lerned v. Johns,* 91 Mass. 419; *Eastern R. R. Co. v. Benedict,* 5 Gray, 561, 66 Am. Dec. 384; *Gowen v. Klous,* 101 Mass. 455; *Higgins v. Senior,* 8 Mees. & W. 834; *Thayer v. Fuller et al.,* 22 Ohio St. 78." (Page 39.)

The language quoted embraces all that is there said by way of argument. Of the English cases cited only *Hood v. Lord Barrington,* 6 L. R. Eq. (Eng.) 218, which

appears to have been decided without much discussion, reaches the proposition stated. The case of *Thayer v. Luce and Fuller*, 22 Ohio St. 62, 78, and the earliest Massachusetts case, *Lerned & another v. Johns*, 91 Mass. 419, turn upon an entirely different state of facts. In each of them the memorandum contained no reference to any agency, but showed an agreement between two parties each of whom was personally bound by it, and all that was decided was that under such circumstances parol evidence might be adduced that one of the parties named was in fact acting for a third person, who upon such showing would be entitled to all the benefits of the contract and subject to all its burdens. The effect of the other Massachusetts cases cited is perhaps not important in view of later decisions. In *McGovern v. Hern*, 153 Mass. 308, 26 N. E. 861, 10 L. R. A. 815, 25 Am. St. Rep. 632, the naming of an auctioneer was held not to be a sufficient designation of the seller, and *Grafton v. Cummings, supra,* was cited with approval. But in *Tobin v. Larkin*, 183 Mass. 389, 67 N. E. 340, which is probably the latest expression on the subject in the Massachusetts reports, it was said that it is sufficient if the memorandum gives the name of the agent by whom one party is represented, although the fact of his agency is shown, and *McGovern v. Hern* is explained and distinguished on the ground that there the auctioneer was not in fact the agent of the seller but was merely the person who conducted the formal part of the sale.

While occasional expressions are to be found elsewhere favoring what may be characterized as the view of the Ohio and Massachusetts courts, our attention has not been called to any case other than those already mentioned which expressly upholds it. The weight of authority clearly supports the view taken by the trial court. Moreover, whatever conflict exists appears to have resulted from confusing the case of an undisclosed agency with that of an avowed agency, the principal being undisclosed. In reason there should be no diffi-

culty in reaching a satisfactory solution of the question. Where a written agreement for the sale of lands is entered into by two competent persons, each apparently acting for himself, the requirements of the statute of frauds are fully met and the result is a valid and enforceable contract. Being then complete it has no further concern with the statute. It is like any ordinary written contract. Parol evidence cannot vary its terms, but may add a new obligor or obligee by showing that one or the other of the parties was in fact acting as the authorized agent of a third person. The authorities are practically unanimous on this proposition. (They are collected in 1 A. & E. Encycl. of L. 1140, note 1, 1 A. & E. Encycl of L. [Supp.] 216, note 1, 29 A. & E. Encycl. of. L. 864, note 3, and in *Usher v. Daniels,* 73 N. H. 206, 60 Atl. 746, 69 L. R. A. 629.) But when the writing discloses that one of the persons is avowedly acting as an agent for some one else, who is not named or described, an entirely different situation is presented. An imperative requirement of the statute is that the memorandum must indicate the parties. (29 A. & E. Encycl. of L. 864.) This requirement is not met by the naming of an agent who confessedly acts only as such. Not being personally concerned in the matter, assuming no individual liability, he is not a party to the agreement. The mention of his name is therefore immaterial, and fails to satisfy the statute. The memorandum being for this reason futile, no enforceable contract results. The rule that undisclosed principals may by parol evidence be charged with the burdens of a written contract or be given its benefits has no room for operation in such a case, because there is no valid written contract to start with to which to apply it. Such is the condition presented by the petition here involved, and for that reason the defendant's demurrer was properly sustained.

Nothing in the Kansas decisions cited by the plaintiff in error conflicts with this conclusion. The case of *Butler v. Kaulback,* 8 Kan. 668, has no application to

the question here involved, for there the contract was taken out of the statute by part performance. The case of *Wolfley v. Rising,* 12 Kan. 535, does not mention the statute of frauds, and all it decided was that parol evidence is admissible to show that an apparent principal in a written contract is in fact an agent and to reveal and charge the real party in interest. In *Ross v. Allen,* 45 Kan. 231, 25 Pac. 570, 10 L. R. A. 835, the memorandum was held insufficient on various grounds, and *Grafton v. Cummings, supra,* was cited with approval. In passing it was said that if its only defect had been the failure to show for whom an·agent acted the fault could probably have been remedied by parol testimony. But the remark obviously was not meant to be regarded as decisive of the question.

The judgment is affirmed.