(No. 19604.—)

LILLIAN D. BAMBERGER, Appellee, *vs.* GLADYS B. BARBOUR, Appellant.

*Opinion filed June 19, 1929.*

HENRY F. ANTES, for appellant.

NEWBY & MURPHY, (JOHN K. MURPHY, GEORGE M. BURDITT, and KENNETH L. KARR, of counsel,) for appellee.

Mr. JUSTICE DIETZ delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county admitting to probate as the last will of Edwin Durand Bamberger, deceased, the following instrument:

*"To whom it may concern:* "CHICAGO *June 14-1927*

"I—Edwin Durand Bamberger bequeath all of my property both Real Estate and personal to my wife Lillian Dorothy Bamberger. To her also and alone I bequeath all my life Insurance of whatever kind—. She to serve as sole executrix without bond. Witness JAMES M. NORTHCOTT
Witness BLANCHE P. MCKINNIE."

Except for the signatures of the witnesses the instrument is in the handwriting of the deceased. It will be seen that his name is not signed at the end but does appear in

the exordium clause at the beginning. The witnesses testified as to the manner of its preparation and execution. The deceased was in the hospital preparing to undergo an operation. They had called there to pay him a visit. When they arrived he was seated at a table and said to them that he was about to write his will and would like to have them witness it. The evidence does not disclose that anything further was said by him concerning the transaction, except that he was leaving all of his property to his wife. The instrument was then written in their presence and signed by them. It is contended that the instrument is not "signed by the testator," as required by section 2 of the statute on wills.

It is conceded that the question here presented has not been decided by this court. The authorities elsewhere are in conflict. (*In re Norris*, 221 Mich. 430; *Meads v. Earle*, 205 Mass. 553; *Armstrong v. Armstrong*, 29 Ala. 538; *In re Phelan*, 82 N. J. Eq. 316; *In re Manchester*, 174 Cal. 417; *Timoney v. Booth*, 127 N. Y. 199; *Warwick v. Warwick*, 86 Va. 596; *Waller v. Waller*, 1 Gratt. (Va.) 454; *Ramsey v. Ramsey*, 13 id. 664.) These constitute the leading cases on the subject but many others have been examined. In all of them it is held that the decision depends upon whether the name was written or declared as an authenticating signature. As applied to contracts the same rule has been announced by this court. *McConnell v. Brillhart*, 17 Ill. 354.

All of the authorities agree that whether the name of a testator appearing in the exordium clause is to be regarded as the signature of the testator depends upon his intention. Some of them hold that this intention may be ascertained from the declaration of the testator and the surrounding circumstances. (*In re Norris, supra; Meads v. Earle, supra; Armstrong v. Armstrong, supra; In re Phelan, supra.*) Others are to the effect that the intention must appear from the face of the instrument. (*In re Man-*

*chester, supra; Timoney* v. *Booth, supra; Waller* v. *Waller, supra; Warwick* v. *Warwick, supra; Ramsey* v. *Ramsey, supra.*) Whichever is the correct rule, the former has no application here because in this case there is no evidence of extrinsic facts which specifically disclose such intention, consequently the intention of the deceased here must be ascertained from the face of the instrument. The question is not whether the deceased intended the instrument to be his will, but whether he intended the name to be his signature. That such was his intention must be established by a preponderance of the evidence, like every other essential fact. There is one well known purpose in placing the name of the testator in the exordium clause—it is by way of description. It cannot be said, therefore, that the deceased had no other purpose or intent in placing his name where it appears in this instrument than to make it his signature. The evidence discloses no statement of the deceased that the name as written by him was intended as his signature and no declaration of the deceased after the instrument was written that it was his will. The instrument itself contains no such declaration. That the deceased intended the name to be his signature and that he intended the instrument to be his completed will is not established by the evidence. The instrument was therefore not proven to be his will. This conclusion has support in a number of well considered cases. (*In re Manchester, supra; Timoney* v. *Booth, supra; Warwick* v. *Warwick, supra; Waller* v. *Waller, supra; Ramsey* v. *Ramsey, supra.*) The Virginia cases above referred to are not to be distinguished on the ground that the Virginia statute provides that the will must be signed "in such manner as to make it manifest that the name is intended as a signature," because this is substantially the rule announced in all of the cases as applicable where the statute requires the instrument to be "signed by the testator."

In *Timoney* v. *Booth, supra,* the court had under consideration an instrument purporting to be the will of Ce-

cilia L. Booth. It was in her handwriting and duly witnessed but her name appeared only in the exordium clause. In holding this instrument not "signed by the testator" within the meaning of the statute of New Jersey, where it was executed, the court said: "When a testator or the maker of a contract subscribes it at the end and in the manner in which legal instruments are usually authenticated, a presumption arises that the signature was affixed for the purpose of creating a valid instrument; but when the name is written near the beginning of the document, where, as a rule, names are inserted by way of description of the person who is to execute it and rarely as signatures, it must, before it can be held to have been inserted for the purpose of validating the instrument, be proved to have been written with that intent. The record contains no evidence tending to show that Mrs. Booth directly or indirectly, by word or gesture, referred to her name in the first line of the paper as her signature, nor is there evidence of any act on her part from which it might be inferred that the name there written was intended to be in execution of a completed will; and her simple declaration to Mamie Clifford, one of the subscribing witnesses, 'This is my will; take it and sign it,' standing alone, is insufficient to sustain a finding or verdict that the name 'Cecilia L. Booth,' written by her in the first line of the document, was there written with intent that it should have effect as her signature in final execution of a will."

The same effect is in *In re Manchester, supra,* where the court had under consideration a holographic instrument purporting to be the will of Matilda Manchester, in which her name appeared only at the beginning. Paragraph 1277 of the statute involved required such a will to be "signed by the hand of the testator himself." In announcing the rule the court said: "The true rule, as we conceive it to be, is that, wherever placed, the fact that it

was intended as an executing signature must satisfactorily appear on the face of the document itself. If it is at the end of the document, the universal custom of mankind forces the conclusion that it was appended as an execution, if nothing to the contrary appears. If placed elsewhere, it is for the court to say, from an inspection of the whole document, its language as well as its form, and the relative position of its parts, whether or not there is a positive and satisfactory inference from the document itself that the signature was so placed with the intent that it should there serve as a token of execution. If such inference thus appears, the execution may be considered as proven by such signature. * * * Our conclusion is that the document in question was not signed by the testator as required by section 1277, and that it is not entitled to probate."

The cases of *In re Norris, supra, Meads* v. *Earle, supra, Armstrong* v. *Armstrong, supra,* and *In re Phelan, supra,* relied upon by the appellee, are all based upon the early English case of *Lemayne* v. *Stanley,* 3 Lev. 1, 82 Eng. Reprint, 545. It is impossible to satisfactorily distinguish these cases from those which announce the contrary rule, but the instrument under consideration in each of them, as well as in *Lemayne* v. *Stanley, supra,* contained the express declaration that it was the last will and testament of the testator, which is not the case here. In referring to *Lemayne* v. *Stanley* it was said by the Michigan court in *In re Norris, supra:* "It is doubtless true that some courts in this country, as well as the English courts, have chafed under the holding of this early case." It was also said regarding this early case in *In re Manchester, supra:* "The case has been criticised in England," and that "to overcome its effect in England the statutes of 1 Vict., 15 Vict. and 16 Vict. were enacted, changing the law so as to require that 'all wills be signed at the end thereof.' In view of this consequence of that decision it is obvious that this authority should not be considered as controlling." We are of the

opinion that the rule announced in the cases which do not follow *Lemayne* v. *Stanley, supra,* is more consonant with reason.

The order of the circuit court should be reversed and the probate of the instrument denied. *Order reversed.*